UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JULIO POLANCO GOMEZ, et al., | : | CASE NO. 1:21-cv-1701 |
| | : | |
| Plaintiffs, | : | ORDER |
| | : | [Resolving Doc. 21] |
| v. | : | |
| | : | |
| MERRICK GARLAND, et al., | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this immigration case, Petitioners Julio Polanco Gomez and Anny Tejeda Lluberes move the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]  In its July 26, 2022 opinion, this Court ordered Defendants to vacate the decision denying Petitioners' Form I-30, Petition for Alien Relative and directed Defendants to find Petitioner Polanco's prior marriage was bona fide.[2]

Defendants object to Petitioners' request for fees.[3]  For the following reasons, the Court **GRANTS** Petitioners' motion.

## I.    BACKGROUND[4]

In March 2015, Petitioner Tejeda filed a Form I-130, Petition for Alien Relative on behalf of Polanco with the United States Citizenship and Immigration Services ("USCIS").[5] In January 2018, USCIS denied Petitioners' I-130 Petition.[6]  In denying the Petition, the

---

[1] Doc. 21.
[2] Doc. 20
[3] Doc. 23.
[4] The Court set forth Petitioners' marital and family histories in its July 26, 2022 opinion.  *See* Doc. 20.
[5] Doc. 14-1 at 164-200.
[6] *Id.* at 125-132.

Case No. 1:21-cv-1701
GWIN, J.

USCIS found substantial and probative evidence that Polanco had previously entered into a

fraudulent marriage to his first wife, Prisca Yulkenia Made ("Made").[7]

USCIS based this decision in part on the fact that Polanco had children with Tejeda

prior to and during his marriage to Made, and that Polanco did not have children with first

wife Made.[8]  USCIS also noted that Polanco and Tejeda traveled together while they were

both legally married to other individuals.  Finally, USCIS said Polanco did not show joint

tenancy, property ownership, or comingled financial resources with first wife Made.[9]

In October 2018, the Board of Immigration Appeals ("Board") affirmed USCIS's

decision.[10]  In addition to agreeing with the reasons set forth by USCIS, the Board pointed

to three factors in its denial of Petitioners' appeal: (1) the timing of Petitioners' children and

marriages to others; (2) Petitioners' alleged omissions of children on subsequent

immigration applications; and (3) discrepancies in the addresses and dates provided by

Petitioners.[11]

On August 31, 2021, Petitioners filed a complaint seeking review of Defendants'

decisions under the Administrative Procedure Act.[12]  On July 26, 2022, this Court issued its

opinion ordering Defendants to vacate the decision denying Petitioners' Form I-130.[13]  The

Court found that there was not substantial and probative evidence that Polanco's first

---

[7] *Id.  See* 8 U.S.C. § 1154(c) (INA § 204(c)), which bars the approval of Form I-130, Petition for Alien Relative if the person seeking citizenship through marriage is determined to have previously married "for the purpose of evading the immigration laws."
[8] Doc. 14-1 at 127-132.
[9] *Id.* at 130.
[10] *Id.* at 2-5.
[11] *Id.* at 5.
[12] Doc. 1.
[13] Doc. 20.

Case No. 1:21-cv-1701
GWIN, J.

marriage was fraudulent.[14]  Rather, the record evidence showed that Polanco's first

marriage was bona fide.[15]

Counsel for Petitioners now moves for an order awarding an EAJA Counsel Fee for

$11,814.79.[16]  Defendants do not oppose the calculation of the award.  Defendants instead

argue that the award is improper under the EAJA standard.[17]

## II.  LEGAL STANDARD

Under the EAJA, a litigation prevailing party in a case with the United States is

entitled to reasonable attorney's fees, unless the government shows that the position of the

United States was substantially justified, or that special circumstances make an award

unjust.[18]

A government position is substantially justified when it is "'justified in substance or

in the main'—that is, justified to a degree that could satisfy a reasonable person."[19]  Stated

otherwise, a position is substantially justified when it has a "reasonable basis both in law

and fact."[20]

"The government's 'position' comprehends both the United States' underlying

action and its litigation position."[21]  The government bears the burden of showing that its

position was substantially justified.[22]

---

[14] *Id.* at 5-6.
[15] *Id.* at 7.
[16] Doc. 21.  Petitioners calculate EAJA fees at a rate of $207.50 an hour in 2021 and $221.25 an hour in 2022.
Defendants do not contest this rate.
[17] Doc. 23 at 1.
[18] See *Griffith v. Commissioner of Social Security,* 987 F.3d 556, 563 (6th Cir. 2021) (citing 28 U.S.C. § 2412(d)(1)(A)).
[19] *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1998)).
[20] *Id.* (quoting *Pierce,* 487 U.S. at 565).
[21] *Delta Eng'n v. United States,* 41 F.3d 259, 261 (6th Cir. 1994), (quoting 28 U.S.C. § 2412(d)(1)(A)).
[22] *Griffith,* 987 F.3d at 563 (*citing DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, 726 (6th Cir. 2014)).

- 3 -

Case No. 1:21-cv-1701
GWIN, J.

## III.   ANALYSIS

This Court ordered that Defendants vacate their prior decisions denying Petitioners relief.[23]  Petitioners are the prevailing party, and Defendants do not argue that any special circumstances support denying EAJA relief.[24]  Instead, Defendants argue that the government was substantially justified in denying Petitioner Tejeda's Form I-130.  The government says that Polanco's first marriage was fraudulent.[25]

Here, Defendants' position was not substantially justified.  The Court found that the Defendants did not have sufficient evidence for its conclusion that Petitioner Polanco's first marriage was fraudulent.

First, USCIS said that Polanco failed to show joint tenancy, property ownership, or comingled financial resources with his first wife.[26]  The record shows that Polanco and his first wife jointly filed tax returns and had a joint bank account while they were married.[27]  The Court noted this in its opinion as evidence of a bona fide marriage between Polanco and Made.[28]

Second, USCIS and the Board said that Tejeda and Polanco did not fully disclose their joint children.[29]  Tejeda did not list her second child with Polanco on her naturalization application.[30]  However, that form is not part of Polanco's administrative file and was not included in the record before this Court.[31]

---

[23] Doc. 20.
[24] Doc. 23.
[25] Doc. 23 at 4.
[26] Doc. 14-1 at 28.
[27] *Id.* at 63, 68-69, 140.
[28] Doc. 21 at 7.  See *Matter of Laureano*, 19 I*N Dec. 1, 3 (BIA 1983).
[29] Doc. 14-1 at 5, 128.
[30] *Id.* at 5, 128
[31] *See id.*

- 4 -

Case No. 1:21-cv-1701
GWIN, J.

Polanco also did not list Made's out of wedlock child on their joint I-175 petition.[32] However, that form requires information about Polanco's children, not Made's children.[33] Polanco's omission of Made's child was not error.  Importantly, Polanco consistently listed his children with Tejeda on his forms.[34]

Defendants also relied on inferences drawn from the timing of Polanco's children with Tejeda relative to his marriage with Made.[35]  However, Polanco did not father either of his two children with Tejeda while he was in a relationship with Made.[36]  Polanco and Made separated because of Made's infidelity.[37]  And, while relevant, this "evidence of separation, standing alone, cannot support a finding that a marriage was not bona fide when it was entered."[38]

Given the lack of factual support in the record, Defendants' position was not substantially justified.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioners' motion, and **ORDERS** Defendants to pay attorney's fees in the amount of $11,814.79.

---

[32] *Id.* at 105, 128.
[33] *Id.* at 265.
[34] *Id.* at 166, 219, 265, 314.
[35] *Id.* at 5, 128.
[36] Doc. 20 at 7.
[37] *Id.*
[38] See *Bark v. Immigr. & Naturalization Serv.*, 511 F.2d, 1200, 1202 (9th Cir. 1975).

- 5 -

Case No. 1:21-cv-1701
GWIN, J.


     IT IS SO ORDERED.


Dated: September 14, 2023               *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE